# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SCOTT SMITH, JR., | : | Civil No. 1:21-CV-1032 |
| Plaintiff, | : | |
| v. | : | |
| FRANKLIN COUNTY COURT OF COMMON PLEAS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Self-represented Plaintiff, Michael Scott Smith, Jr., is a pretrial detainee housed at the Franklin County Jail in Chambersburg, Pennsylvania. He filed this civil rights action pursuant to 42 U.S.C. § 1983 challenging his arrest and pretrial detention. (Doc. 17.) Also before the court is Plaintiff's motion to proceed *in forma pauperis* and motion for injunctive relief seeking his release from prison. (Docs. 4 and 14.) Named as Defendants are the Franklin County Court of Common Pleas, the Pennsylvania State Police ("PSP"), and the Franklin County Jail. (Doc. 17.) For the reasons set forth below, the court will grant Plaintiff's motion to proceed *in forma pauperis* but dismiss the amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on the dismissal of the amended complaint with prejudice, Smith's motion for injunctive relief will be denied as moot.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Smith filed his complaint in this matter and motion for leave to proceed *in forma pauperis* on June 11, 2021.  (Docs. 1 and 4.)  On August 6, 2021, while the court was awaiting a certified copy of Smith's prisoner trust fund account, Smith filed an amended complaint.  (Doc. 17.)  Although the factual basis of Smith's amended complaint and motion for injunctive relief are difficult to understand, it is clear that Smith challenges the actions of the Franklin County Court of Common Pleas, the PSP, and the Franklin County Jail for their involvement in his arrest, pretrial detention, and on-going criminal proceedings.  As relief, he seeks his immediate release from prison, the termination of all criminal proceedings with prejudice, and monetary damages.  (Doc. 17.)  His motion for injunctive relief, relies on the allegations of the amended complaint, and seeks Smith's immediate release.  (Doc. 14.)  Smith did not file a brief in support of his motion for injunctive relief.

## JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

When a litigant seeks to proceed *in forma pauperis*, without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b)(1)–(2). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.,* 961 F.3d 203, 208 (3d Cir. 2020).

The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted

leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Dooley*, 957 F.3d at 376 (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002)).

## DISCUSSION

### I. The Franklin County Court of Common Pleas, Franklin County Prison, and the PSP are immune from suit

Plaintiff alleges that Defendants have deprived him of certain constitutional rights in violation of 42 U.S.C. § 1983. Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The state courts in Pennsylvania, the PSP, and the Franklin County Jail are not considered "persons" for the purpose of § 1983 and therefore are not amenable to suit under § 1983.  *See Warren v. Lehigh Cnty. Ct. of Common Pleas*, 351 F. Supp.3d 835, 839 (E.D. Pa. 2019) (county court of common pleas is not a "person" for § 1983 purposes); *see also Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 63 (1989) (the PSP, an agency of the state, is not a person under § 1983); *see also Edwards v. Northampton Cnty.*, 663 F. App'x 132, 136 (3d Cir. 2016) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir 1973) (county prison not a "person" subject to suit under § 1983).  For this reason alone, Smith's claims against the identified Defendants are subject to dismissal with prejudice.

Additionally, it is well settled that the Eleventh Amendment precludes federal claims for monetary damages against a state, its agencies, departments, or officials acting in their official capacity.  *See A.W. v. Jersey City Public Schools*, 341 F.3d 234, 238 (3d Cir. 2003).  Thus, the Eleventh Amendment further bars Smith's claims against the Franklin County Court of Common Pleas and the PSP.  *See Tarapchak v. County of Lackawanna*, 739 F. App'x 172, 178 n. 7 (3d Cir. 2018) (county court of common pleas, part of Pennsylvania's unified judicial system, is entitled to Eleventh Amendment immunity); *see also Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (citing 71 P.S. §§ 61, 732–102; *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) ("[T]he Eleventh

Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity.")

In light of the above, Smith's claims against the named Defendants are subject to dismissal with prejudice.

## II.  Smith's request for habeas relief

Smith seeks his release from pretrial confinement and dismissal of his unspecified pending criminal charges.  A petition for writ of habeas corpus, rather than a civil rights action under § 1983, is the proper means for an inmate to challenge the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, to the extent that Smith is challenging his continued incarceration based on his pending criminal charges, he must pursue that claim in a habeas corpus action, and not in a civil rights action.

## III.  Leave to amend is denied

For the above cited reasons, Smith's claims against all Defendants are subject to dismissal with prejudice.  The court will not grant Smith leave to amend his complaint because amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

## CONCLUSION

Smith fails to state a claim upon which relief may be granted against any of the Defendant as they are not "persons" for the purpose of a § 1983 action. Additionally, because Smith seeks immediate release from prison, his sole federal remedy is a writ of habeas corpus as such relief is not available via a civil rights action. Therefore, allowing Smith leave to amend his present action would be futile. Accordingly, the court will grant his request for *in forma pauperis* status, dismiss his amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and deny his request for injunctive relief. An appropriate order follows.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  November 16, 2021